## Patterson *against* Schoyer.

A grant of chancery powers to an inferior court, does not necessarily give appellate jurisdiction to the supreme court for the review of cases there decided; and having no express grant of such jurisdiction, it will not be assumed.

   THE complainant Thomas H. Patterson on the 25th of October 1839, filed a bill in the district court of *Allegheny* county, representing that the said Solomon Schoyer had commenced an action at law, in said district court against said Patterson on an article of agreement, executed by said Patterson in substance and effect following:—" Articles of agreement, dated the 4th of April 1839, which witnesseth, that the said Dr Patterson, for and in consideration of the sum of 5000 dollars, to him in hand paid by the said Solomon Schoyer, the right whereof he doth hereby acknowledge, doth bind himself, &c., firmly, &c., to grant, bargain and sell to said Solomon Schoyer, his heirs and assigns, two certain lots in the city of Pittsburgh, fronting forty feet on Smithfield street, by sixty feet

x.—2 D

[Patterson v. Schoyer.]

deep, between Fourth street and Diamond alley, and to make, execute and deliver to said Solomon Schoyer a good and sufficient deed of conveyance for said two lots, whenever thereunto reasonably required by said Schoyer, his heirs and assigns, and for the faithful performance of this agreement, the said Dr Thomas H. Patterson, doth bind himself, &c., in the sum of 5000 dollars," signed, sealed, &c.    Said bill charged that said article of agreement was obtained from said Patterson by divers fraudulent representations and practices particularly specified in said bill; the said bill further charged, that " by reason of divers fraudulent representations and practices, particularly specified as before mentioned, he, said Patterson, was induced to surrender up to said Schoyer a note he held on William Stewart, for 900 dollars, and also to surrender up the promissory note of one ――, payable to one Mulson as well as said Patterson recollects, and for payment of which he held the guarantee of said William Stewart."

The bill prayed that said Schoyer might be required to answer all the allegations it contained, on oath, " and that the said Schoyer might be compelled by the decree of the said district court, to deliver up to said Patterson to be cancelled, the said article of agreement, of the date of the 4th of April 1839, and to deliver to the said Patterson, the said notes obtained from him as aforesaid, and that the said Schoyer might be restrained by the orders and injunctions of said district court, from proceeding further at law against said Patterson, upon the said articles of agreement, or otherwise, however, touching the matters aforesaid, or any of them; or of endorsing or negotiating the said promissory notes, and such other and further relief in the premises as the nature of his case should require, and as to said court might seem fit."    The bill prayed process, &c.    The respondent moved the said district court to dismiss said bill for want of jurisdiction, which motion said court on consideration granted.

*Dunlop*, for appellant.

Per Curiam.—The legislature, it is said in the constitution, may vest chancery powers in whatever courts, and to what extent, it pleases; and this regards both original and appellate jurisdiction, for no court can assume either without a grant of it, because it follows not that a superior court may take jurisdiction, as of course, of every thing determined by the court below it.    The supreme court is declared by the constitution to have the powers of the king's bench, and common pleas at Westminster, and hence its power to issue remedial and prerogative writs; but it is not declared to have, except in a few specific cases, the powers of the court of chancery including its appellate jurisdiction of causes determined by the vice chancellor or the master of the rolls.    Had the legislature, as it might have done, vested chancery powers in the justices

of the peace, a concomitant grant of appellate jurisdiction to the common pleas or supreme court, could not have been implied as a necessary consequence; for the grant of a new jurisdiction, the proceedings in which are not removable by the process of the common law, is necessarily exclusive. We have no grant of such jurisdiction, and we may not assume it.

Appeal dismissed for want of jurisdiction.  ·